UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALISON SHERMAN, Derivatively on behalf of CVS HEALTH CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | C.A. No. 17-378 WES ) ) |
| LARRY J. MERLO, DAVID M. DENTON, DAVID W. DORMAN, RICHARD J. SWIFT, C. DAVID BROWN II, JEAN-PIERRE MILLON, ANNE M. FINUCANE, TONY L. WHITE, WILLIAM C. WELDON, NANCY-ANN M. DEPARLE, RICHARD M. BRACKEN, and ALECIA A. DECOUDREAUX, | ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CVS HEALTH CORPORATION, a Delaware corporation, | ) ) ) |
| Nominal Defendant. | ) ) ) |
| _____ | ) ) ) |
| ELIE FEGHALI, Derivatively on behalf of CVS HEALTH CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | C.A. No. 17-399 WES ) ) |
| LARRY J. MERLO, DAVID M. DENTON, DAVID W. DORMAN, RICHARD J. SWIFT, C. DAVID BROWN II, JEAN-PIERRE MILLON, ANNE M. FINUCANE, TONY L. WHITE, WILLIAM C. WELDON, NANCY-ANN M. DEPARLE, RICHARD M. BRACKEN, and ALECIA A. DECOUDREAUX, | ) ) ) ) ) ) ) |
| Defendants, | ) ) |

```
        and                            )
                                       )
CVS HEALTH CORPORATION, a              )
Delaware corporation,                  )
                                       )
        Nominal Defendant.             )
                                       )
_____)
                                       )
ALAN BANCHALTER, Derivatively on       )
behalf of CVS HEALTH CORPORATION,      )
                                       )
        Plaintiff,                     )
                                       )   C.A. No. 17-425 WES
    v.                                 )
                                       )
LARRY J. MERLO, DAVID M. DENTON,       )
DAVID W. DORMAN, RICHARD J.            )
SWIFT, C. DAVID BROWN II, JEAN-        )
PIERRE MILLON, ANNE M. FINUCANE,       )
TONY L. WHITE, WILLIAM C. WELDON,      )
NANCY-ANN M. DEPARLE, RICHARD M.       )
BRACKEN, and ALECIA A. DECOUDREAUX,    )
                                       )
        Defendants,                    )
                                       )
        and                            )
                                       )
CVS HEALTH CORPORATION, a              )
Delaware corporation,                  )
                                       )
        Nominal Defendant.             )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on a joint motion (ECF No. 6) filed by Plaintiffs Alison Sherman, Elie Feghali, and Alan Banchalter (collectively, "Plaintiffs"); and Defendants Larry J. Merlo, David M. Denton, David W. Dorman, Richard J. Swift, C. David Brown II, Jean-Pierre Millon, Anne M. Finucane, Tony L. White,

William C. Weldon, Nancy-Ann M. DeParle, Richard M. Bracken, Alecia A. DeCoudreaux (collectively, "Defendants"); and nominal defendant CVS Health Corporation ("CVS Health" or the "Company"). The joint motion asks the Court to consolidate, appoint lead counsel and liaison counsel, and stay the above-captioned actions pending the resolution of related actions. For the reasons cited therein, the Court hereby GRANTS the parties' joint motion and ORDERS as follows:

1. The following actions shall be consolidated before this Court for all purposes, including pre-trial proceedings and trial (the "Consolidated Derivative Action"):

- Sherman v. Merlo, C.A. No. 17-378 WES
- Feghali v. Merlo, C.A. No. 17-399 WES
- Banchalter v. Merlo, C.A. No. 17-425 WES

2. Every pleading filed in the Consolidated Derivative Action, or any separate action included herein, must bear the following caption:

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND

IN RE CVS HEALTH CORPORATION  )   Lead C.A. No. 17-378 WES
DERIVATIVE LITIGATION         )   (Consolidated with C.A. Nos.
                              )   17-399 WES and 17-425 WES)
_____)
                              )   (Derivative Action)
This Document Relates To:     )
                              )
        ALL ACTIONS.          )
_____)
```

3. The files of the Consolidated Derivative Action will be maintained in one file under Lead C.A. No. 17-378 WES. This order granting consolidation applies to each case arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

4. Defendants are not required to respond to the complaints in these actions or to the complaint in any action consolidated into this action, other than a final consolidated complaint or a complaint designated as the operative complaint, in which case Defendants shall have 30 days from the filing of such final or operative complaint to move against or answer that complaint. In the event that this stay terminates before the filing of a final consolidated complaint or a complaint designated as the operative complaint, and unless otherwise ordered by the Court or agreed among the Parties, Defendants shall move against or answer the complaints in these actions within 30 days of the termination of the stay.

5. Pursuant to Rule 5(b)(2)(E)-(F) of the Federal Rules of Civil Procedure, service by e-mail transmission shall be permitted in addition to service via ECF notification. For non-CM/ECF participants, service shall be deemed effective upon e-mail transmission.

6. Robbins Arroyo LLP and Gainey McKenna & Egleston shall serve as co-lead counsel for Plaintiffs in the Consolidated Derivative Action. Co-lead counsel shall have authority to speak for Plaintiffs in matters regarding pre-trial and trial procedure and settlement negotiations, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of the Consolidated Derivative Action, and to avoid duplicative or unproductive efforts. Moore, Virgadamo & Lynch, Ltd., and Motley Rice, LLC, shall serve as co-liaison counsel in the Consolidated Derivative Action.

7. The Consolidated Derivative Action and any and all deadlines in that Action shall be stayed pending the resolution of <u>Texas ex rel. Winkelman v. CVS Health Corp.</u>, No. D-1-GV-14000388 (Tex. Dist. Ct. - Travis Cty., filed April 7, 2014; unsealed Jan. 5, 2017) and <u>Corcoran v. CVS Health Corp.</u>, No. 15-cv-03504 (N.D. Cal., filed July 30, 2015) – including the exhaustion of any and all appeals in those actions – and consistent with the paragraphs below.

8. With regard to the Sherman, Feghali, and Banchalter complaints, and with regard to any amendment or supplement to the complaints (including any consolidated complaint) that elaborates upon facts or claims relating to acts or transactions alleged in the original complaints, or that asserts new legal theories of recovery based upon the acts or transactions that formed the

5

substance of the original Sherman, Feghali, and Banchalter complaints, any challenge to Plaintiffs' standing to maintain the derivative actions (or Consolidated Derivative Action) on the ground that Plaintiffs have failed to plead facts sufficient to raise a reasonable doubt that a pre-litigation demand on the Company's Board of Directors ("Board") would have been futile shall be determined based on the membership of the Company's Board on the date Plaintiffs filed their original complaints (August 16, 2017, August 28, 2017, and September 12, 2017, respectively).

9. In the event that Plaintiffs amend their complaint (including in a consolidated complaint) to include materially different facts and/or claims, any such challenge to those new or materially amended claims shall be determined based on the membership of the Board as of the date of the amended (or consolidated) complaint.

10. Defendants agree to provide Plaintiffs with reasonable notice of the filing during the pendency of the stay of any lawsuit asserting derivative claims on behalf of CVS Health that are similar to the claims asserted in the complaints.

11. Should a lawsuit asserting similar derivative claims on behalf of CVS Health be filed during the pendency of the stay, and should the plaintiff in any such action refuse to stay that later-filed lawsuit, any Party may lift the stay in this Consolidated

Derivative Action by providing 10 days' written notice to all Parties and to the Court.

12. The fact that the Parties have entered into this stay shall not be used in any way to prejudice any of the Parties in this Consolidated Derivative Action.

13. Within 14 days of the date that any lifting of the stay takes effect, the Parties shall meet and confer to reach an agreement regarding a schedule for filing and responding to any amended or consolidated complaint. In no event shall Defendants' response to any complaint be due sooner than the later of 30 days after the Motion is decided or 30 days after the stay is lifted.

14. Unless the Court instructs otherwise, the Parties will file with the Court a status update regarding this case every 120 days.

IT IS SO ORDERED:

/s/ W. E. Smith
_____
William E. Smith
Chief Judge
Date: December 6, 2017